IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL C. PHILLIPS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 07-0894-CG-B** |
| | ) | |
| **JOHN E. POTTER,** | ) | |
| **POSTMASTER GENERAL,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on defendant's motion to dismiss (Doc. 7) and plaintiff's response thereto (Doc. 12). The court finds that plaintiff's claim for improper handling or processing of plaintiff's complaint is due to be dismissed. The court also finds that plaintiff has failed to adequately allege a claim for breach of the settlement agreement. However, the court finds that defendant has not shown that plaintiff can prove no facts which would entitle him to relief on his claim for violation of the collective bargaining agreement. Therefore, defendant's motion is due to be **GRANTED IN PART** and **DENIED IN PART**.

## THE COMPLAINT

On December 28, 2008, plaintiff, proceeding pro se, filed this action listing John E. Potter, Postmaster General, as the defendant. (Doc. 1). The complaint was served upon the Postmaster General and the United States Attorney General. (Docs. 4, 5, 6). The complaint alleges that "the U.S.P.S. E.E.O. Commission failed to handle my case in the legal or proper man[ne]r." The complaint further alleges as follows:

1

> Their action violated my right under the Article 19 of the Collective Bargaining Agreement Part 1614-Federal Sector E.E.O. violations of the following 103 part A, 108 part B and 504 part A.
>
> The actions have caused my work hours to be reduced which lowers my high three years affectively lowers my civil service annuity and reduces my paycheck by approximately 35% per pay period.  There are to many discrepancies between the evidence the U.S.P.S. and E.E.O. Commission has used to discredit the case.
>
> I, Michael C. Phillips, ask the United States District Court Southern District of Alabama to make me whole.  I have worked twenty eight (28) years, why should they be allowed to reduce my retirement in this way.  I am a disabled veteran and these jobs were meant to help us, please help me.

(Doc. 1, p.2). Several documents were attached to the complaint, including a settlement agreement dated November 7, 2006, in which plaintiff and representatives of the United States Postal Service for Atmore, Alabama, agreed as follows:

> Respondent will give consideration to complainant for additional hours in the custodial area at U.S.P.S., Atmore, Alabama, should additional work hours become available; however, both sides agree that due to the Atmore facility having a filled, full time custodial position, Complainant cannot be guaranteed any additional work at Atmore.
>
> Respondent's Representative, Mr. Cleveland Minor, agrees to contact the Postmaster in Bay Minette, Alabama, to determine if any additional custodial hours are needed at that location.  If they are needed, Mr. Minor will recommend that Complainant be given the additional custodial duties at Bay Minette with no compensation for mileage.
>
> Respondent will not initiate or condone any retribution or harassment of Complainant due to the filing of this EEO Complaint.

(Doc. 1, Tab 8).  Also attached to the complaint is the October 12, 2007, decision of the EEOC, which denies plaintiff's appeal from a final decision by the United States Postal Service Agency, and finds that the agency did not breach the settlement agreement. (Tab 1).  The October 12, 2007, decision includes a statement advising plaintiff that he has a "right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that

you receive this decision." (Id.). The decision further advises plaintiff that any civil action must name the official agency head or department head of the national organization (rather than of the local office) in which he works. (Id.).

**DISMISSAL STANDARD**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)). In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." Id. However, to survive a motion to dismiss, a plaintiff may not merely "label" his claims. At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting FED.R.CIV.P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (quoting South Fla. Water Management Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir. 1996) and Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)); see also Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true." citation omitted); Finklea v. U.S., 2001 WL 103005, *2 (S.D. Ala. Jan 30, 2001) ("conclusory allegations and unwarranted factual deductions are not accepted as true."

citing Assoc. Builders, Inc.). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986).

## DISCUSSION

Defendant asserts that, to the extent plaintiff's claims sound in tort, such claims are barred because plaintiff has not sued the correct party or exhausted his Federal Tort Claims Act (FTCA) administrative remedies. Claims for monetary damages against an administrative agency which sound in tort are cognizable exclusively under the FTCA. Gregory v. Mitchell, 634 F.2d 199 (5th Cir. 1981)[1]; Peak v. Small Business Administration, 660 F.2d 375 (8th Cir. 1981). Courts have held that the United States is the only proper defendant in an FTCA action. This is so, despite the statutory authority of the federal agency to "sue and be sued." See Peak, supra, at 377. As the Middle District of Alabama has explained:

> The United States is the only proper defendant in an FTCA action. See 28 U.S.C. § 2679(a),(b); see also Simpson v. Holder, 184 Fed. Appx. 904, 908 (11th Cir. 2006) (citing statute and Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988)); Carr v. Veterans Administration, 522 F.2d 1355, 1356 (5th Cir.1975) (dismissal of case because United States was proper party instead of Veterans Administration). [FN1 Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir .1981, en banc ) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).] The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under 28 U.S.C. § 1346(b). Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981). Based on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as

---

[1] Decisions of the Former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

opposed to the United States must be dismissed for want of jurisdiction. Galvin, 860 F.2d at 183 (citing Gregory, 634 F.2d at 204-05 and Carr, 522 F.2d at 1356). For the foregoing reasons, dismissal of the claim is appropriate.

Holmes v. Department of Veterans Affairs, 2007 WL 4223221, *2 (M.D. Ala. Nov. 28, 2007). However, some courts have held that a federal agency, such as the USPS can sue and be sued in its own name. See Silva v. Porter, 2006 WL 1890194, *8 (M.D. Fla. July 10, 2006) (citing Federal Exp. Corp. V. U.S. Postal Service, 151 F.3d 536, 538-540 (6th Cir. 1998)).  The court need not decide this issue as the claim is due to be dismissed on other bases.

Defendant contends that plaintiff's FTCA claim should be dismissed for failure to exhaust administrative remedies.  As the Eleventh Circuit recently explained:

> In the FTCA, Congress authorized a limited waiver of sovereign immunity when federal employees commit torts while acting within the scope of their employment. Means v. United States, 176 F.3d 1376, 1378-79 (11th Cir. 1999). As a prerequisite to bringing suit under the FTCA, a potential plaintiff must first present the claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). A district court lacks jurisdiction over an FTCA action if the plaintiff has not complied with the notice requirements of § 2675(a). Burchfield v. United States, 168 F.3d 1252, 1254-55 (11th Cir. 1999); see also Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237-38 (11th Cir. 2002) ("[T]he administrative notice requirement of 28 U.S.C. § 2675 'is jurisdictional and cannot be waived.' " (quoting Lykins v. Pointer, Inc., 725 F.2d 645, 646 (11th Cir. 1984))).

Martinez v. Minnis, 257 Fed.Appx. 261, 263-264, 2007 WL 4275511, *2 (11th Cir. Dec. 7, 2007).  Plaintiff's complaint does not identify with any detail what conduct he claims was wrongful.  Plaintiff's tort claim appears to be directed at the processing of plaintiff's claim by the United States Postal Service and by the EEOC (although the EEOC is not named as a defendant), but the complaint does not present any facts that would support such a claim. Plaintiff merely states the conclusory allegation that the USPS and the EEOC failed to handle his case in the legal or proper manner and alleges that their action violated the Collective Bargaining

Agreement.  The USPS and the EEOC would be entitled to discretionary function immunity which precludes government liability for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).   As the Eleventh Circuit has explained in a similar case:

> The discretionary function exception clearly applies here because the alleged misconduct involved the elements of judgment and choice. See 28 U.S.C. § 2680(a); see Autery [v. United States], 992 F.2d [1523,]1526 [(11th Cir. 1993)]. Congress has not dictated the result that the EEOC must reach in processing a charge of discrimination. See 42 U.S.C. § 2000e-5 et seq. The EEOC's function of processing a charge of discrimination is the kind of administrative decisionmaking that Congress intended to shield from tort liability. See Gaubert, 499 U.S. at 323, 111 S.Ct. at 1273-74.

Martinez v. U.S., 192 Fed.Appx. 839, 841-842, 2006 WL 2257857, *3 (11th Cir. Aug. 8, 2006). Plaintiff has not alleged that he presented his claim to the appropriate federal agency and defendant would be entitled to discretionary function immunity for plaintiff's claim as alleged. Thus, to the extent plaintiff asserts a claim for the improper handling or processing of his complaint, it is due to be dismissed.

To the extent plaintiff claims a breach of the collective bargaining agreement executed by the USPS, there are several high hurdles which plaintiff must pass to succeed on his claim. "[A]n aggrieved worker whose employment is governed by [a collective bargaining agreement which establishes mandatory, binding grievance procedures and gives the union the exclusive right to pursue claims on behalf of aggrieved employees] normally lacks standing independently to initiate grievance procedures, to sue for breach of the collective bargaining agreement, or to

attack in court the results of the grievance process. McNair v. U.S. Postal Service, 768 F.2d 730, 735 (5th Cir. 1985) (citing Acuff v. United Papermakers and Paperworkers, 404 F.2d 169, 171 (5th Cir. 1968), cert. denied, 394 U.S. 987, 89 S.Ct. 1466, 22 L.Ed.2d 762 (1969)[2]). An employee governed by such an agreement will have standing only if he can show that the union breached its duty of fair representation. Id. see also Farrow v. Henderson, 195 F.Supp.2d 1320, 1328 (M.D. Fla. 2001) ("To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union...."). Plaintiff has not alleged that the union breached any duty. Neither the complaint, nor the documents attached to the complaint, allege or imply any wrongdoing by the union. However, the collective bargaining agreement at issue in this case was not attached to the complaint and has not been provided to the court. Thus, the court is unable to determine whether the agreement establishes mandatory, binding grievance procedures and gives the union the exclusive right to pursue claims on behalf of aggrieved employees.

Defendant argues that plaintiff has not exhausted the grievance or arbitration procedures established by the bargaining agreement. Typically, an "employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement. Vaca v. Sipes, 386 U.S. 171, 185, 87 S.Ct. 903, 914 , 17 L.Ed.2d 842 (1967). "An employee may bring suit without attempting to exhaust the remedies provided in the collective bargaining agreement if he can show that the conduct of the employer amounts to a repudiation of the

---

[2] Decisions of the Former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

7

remedial procedures in the agreement or if the union wrongfully refuses to process the grievance." Redmond v. Dresser Industries, Inc., 734 F.2d 633, 636 (11th Cir. 1984) (citing Vaca, 386 U.S. at 185, 87 S.Ct. at 914, 17 L.Ed.2d at 855).  "The law is completely clear that employees may not resort to state tort or contract claims in substitution for their rights under the grievance procedure in a collective bargaining agreement." Strachan v. Union Oil Co., 768 F.2d 703, 704 (5th Cir. 1985).  Plaintiff does not allege to have satisfied these requirements. However, the court is again unable to determine, without the collective bargaining agreement, whether the agreement contains exclusive grievance or arbitration procedures.  As such, the court finds that defendant has not shown that plaintiff could prove no set of facts which would entitle him to relief on his claim for violation of the collective bargaining agreement

It appears that plaintiff may be attempting to assert a claim for breach of the settlement agreement.[3]  However, if plaintiff intends to assert such a claim, the court finds it has not been sufficiently alleged in the complaint.  Although plaintiff is clearly unhappy with the decision of the EEOC and has attached a copy of that decision to his complaint, plaintiff's complaint only asserts a claim for the mishandling or processing of his complaint or for violation of the collective bargaining agreement.  Thus, if plaintiff intends to assert a claim for breach of the settlement agreement, he must amend his complaint to clarify his intentions.

---

[3] 29 C.F.R. § 1614.504(a) provides an administrative process for enforcing settlement agreements when a plaintiff believes that a defendant is not complying with the terms of the agreement. Section 1614.504 does not describe the right of a plaintiff to bring an action to enforce a settlement agreement in federal court. However, settlement agreements covered by § 1614.504 are specifically included in 29 C.F.R. § 1614.401(e), which provides a process for appealing an agency's decision. Finally, 29 C.F.R. § 1614.407(c) specifically provides that a plaintiff may file a civil action within ninety (90) days of the receipt of the EEOC's final decision on an appeal.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1) Plaintiff's claim for improper handling or processing of plaintiff's complaint is **DISMISSED**;

2) Plaintiff's claim for violation of the Collective Bargaining Agreement remains pending; and

3) To the extent plaintiff intended to assert a claim for breach of the settlement agreement, it is **DISMISSED**.

**DONE and ORDERED** this 18th day of June, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE