```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

```
MICHAEL C. PHILLIPS,             :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :    CIVIL ACTION 07-00894-CG-B
                                 :
JOHN E. POTTER,                  :
POSTMASTER GENERAL,              :
                                 :
     Defendant.
```

### REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendant John E. Potter's Motion to Dismiss (Doc. 18). Although afforded an opportunity to respond to Defendant's motion, Plaintiff has not done so. Upon review of the referenced motion and documents submitted in support thereof, the undersigned **recommends** that Defendant's Motion to Dismiss be GRANTED.

**I. Background Facts**

Plaintiff, proceeding pro se, initiated this action on December 28, 2007 against John E. Potter, Postmaster General. (Doc. 1). In his complaint, Plaintiff alleges that "the U.S.P.S. E.E.O. Commission failed to handle my case in the legal or proper man[ne]r." The complaint further alleges "Their action violated my right under Article 19 of the Collective Bargaining Agreement Part 1614-Federal Sector E.E.O. violations of the following 103

1

part A, 108 part B and 504 part A.  These actions have caused my work hours to be reduced which lowers my high three years effectively lowers my civil service annuity and reduces my paycheck by approximately 35% per pay period." (Doc. 1)  Several documents were attached to the complaint, including a settlement agreement dated November 7, 2006[1].

Subsequent to the filing of the complaint, Defendant filed a motion to dismiss. (Doc. 7)  Upon consideration, the district court held that Plaintiff's claim for the improper handling or processing of his EEO complaint and his claim for breach of the settlement agreement were due to be dismissed as they were not sufficiently alleged in his complaint.  The Court denied Defendant's motion with respect to Plaintiff's claim that Defendant

---

[1] In the settlement agreement, Plaintiff and representatives of the United States Postal Service for Atmore, Alabama, agreed as follows:

Respondent will give consideration to complainant for additional hours in the custodial area at U.S.P.S., Atmore, Alabama, should additional work hours become available; however, both sides agree that due to the Atmore facility having a filled, full time custodial position, Complainant cannot be guaranteed any additional work at Atmore.

Respondent's Representative, Mr. Cleveland Minor, agrees to contact the Postmaster in Bay Minette, Alabama, to determine if any additional custodial hours are needed at that location.  If they are needed, Mr. Minor will recommend that Complainant be given the additional custodial duties at Bay Minette with no compensation for mileage.

Respondent will not initiate or condone any retribution or harassment of the Complainant due to the filing of this EEO Complaint.

violated the collective bargaining agreement. In denying Defendant's motion on this ground, the Court observed that "the collective bargaining agreement at issue in this case was not attached to the complaint and has not been provided to the court. Thus, the court is unable to determine whether the agreement establishes mandatory, binding grievance procedures and gives the union the exclusive right to pursue claims on behalf of aggrieved employees." (Doc. 14, p. 7) The Court concluded that "defendant has not shown plaintiff could prove no set of facts which would entitle him to relief on his claim for violation of the collective bargaining agreement." (Doc. 14, p. 8)

Defendant filed a second Motion to Dismiss on August 7, 2008. (Doc. 18) In his second motion, Defendant again asserts that Plaintiff has failed to state a claim for breach of the collective bargaining agreement, and attached a copy of the agreement to its motion. (Doc. 18, Ex. 1)

**II. Discussion**

The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well settled. Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd of Educ. v. Marshall County Gas Dist., 992 F.2d. 1171 (11th Cir. 1993). In ruling on a motion to dismiss for failure to state a claim, the court "must accept the

3

allegations set forth in the complaint as true." Lotierzo v. A Woman's World Med. Ctr, Inc., 278 F.3d 1180, 1182 (llth Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. Long v. Slaton, 508 F.3d 576, 578 (llth Cir. 2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). As noted supra, along with the instant motion to dismiss, Defendant submitted a copy of the Collective Bargaining Agreement between American Postal Workers Union, AFL-CIO and the U.S. Postal Service, for the period November 21, 2000 through November 2006. Although the Court normally limits itself on consideration of a motion to dismiss to the allegations of the complaint and the documents filed with the complaint, Fed.R.Civ. P. 12(d), 10©, the court may consider documents referred to by Plaintiff in his Complaint without converting the motion to dismiss into one for summary judgment. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F. 3d 1364, 1369 (llth Cir. 1997).

In his Complaint, Plaintiff explicitly references the "Collective Bargaining Agreement" (hereinafter "CBA"), and argues that Defendant violated the agreement. A review of the CBA submitted by Defendant, and the documents submitted along with Plaintiff's complaint, demonstrates that much of the conduct about which Plaintiff complains, namely the improper reduction of his

4

work hours, is alleged to have occurred at periods when the agreement was in effect.  The undersigned has therefore considered the collective bargaining agreement in connection with the instant motion to dismiss.

The law is clear that "an aggrieved worker whose employment is governed by [a collective bargaining agreement which establishes mandatory, binding grievance procedures and gives the union the exclusive right to pursue claims on behalf of aggrieved employees] normally lacks standing independently to initiate grievance procedures, to sue for breach of the collective bargaining agreement, or to attack in court the results of the grievance process. McNair v. U.S. Postal Service, 768 F. 2d 730, 735 (5th Cir. 1985)(citing Acuff v. United Papermakers and Paperworkers, 404 F. 2d 169, 171 (5th Cir. 1968), cert. denied, 394 U.S. 987, 89 S. Ct. 1466, 22 L. Ed. 2d 762 (1969)[2] An employee governed by such an agreement will have standing to sue only if he can show that the union breached its duty of fair representation.  Id.; *See also*, Farrow v. Henderson, 195 F. Supp.2d 1320, 1328 (M.D. Fla. 2001).

A review of the CBA reflects that Article 1, Section 1, page 1 of the agreement expressly provides that "The Employer recognizes the Union designated below as the exclusive bargaining

---

[2]Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc)(the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.)

representative of all employees in the bargaining unit for which each has been recognized and certified at the national level." (Doc.18, Ex. 1, p. 1).  Article 15 of the CBA sets out the grievance/arbitration procedure which governs all disputes relating to wages, hours and conditions of employment. (Doc. Doc.18, Ex. 1, p. 90).  The procedure entails various steps and provides arbitration as the final step in the procedure.  According to the CBA, all decisions of the arbitrator are final and binding. (Doc. 18, Ex. 1,  ps. 90-103).

In this action, Plaintiff alleges that his work hours were improperly reduced.  The CBA specifically provides a grievance procedure for this sort of claim.  However, Plaintiff has not alleged that he exhausted the grievance/arbitration procedure contained in the CBA, nor has he alleged that the union breached its duty to fairly represent him.  As a result, Plaintiff cannot establish a claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Because Plaintiff has not exhausted the grievance remedies of the CBA and because his allegations do not adequately state a claim under federal law, the undersigned recommends that Defendant's motion be granted, and that Plaintiff's remaining claim be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). <u>Jones v. UPS</u>, 2008 U.S. Dist. LEXIS 7085 (N.D. Ga. January 31, 2008).

**III. Conclusion**

For the reasons set forth herein, and upon careful consideration of the record, it is **RECOMMENDED** by the undersigned Magistrate Judge that Defendant John E. Potter's Motion to Dismiss (Doc. 18) be **Granted.** The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **16th** day of **January, 2009.**

              **/s/ SONJA F. BIVINS**
       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is

advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                **/s/ SONJA F. BIVINS**
                                                **UNITED STATES MAGISTRATE JUDGE**