IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL C. PHILLIPS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO. 07-0894-CG-B** |
| | ) |
| **JOHN E. POTTER,** | ) |
| **POSTMASTER GENERAL,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 22) and the objection of petitioner to the report and recommendation (Doc. 23). The magistrate judge recommended that defendant's motion to dismiss (Doc. 18) be granted. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the magistrate judge and finds that the motion to dismiss is due to be granted.

The magistrate judge found that plaintiff's claim for violation of the collective bargaining agreement should be dismissed because plaintiff did not allege that the union breached its duty to fairly represent him and because plaintiff failed to exhaust the grievance remedies under the collective bargaining agreement. (Doc. 22). Plaintiff objects to the magistrate judge's finding, arguing that he filed a grievance with the American Postal Workers Union. (Doc. 23). Plaintiff attached to his objection a copy of a decision, dated August 8, 2002, Case Number H98T-4H-C00021516, denying plaintiff's grievance as untimely. The decision concerns an alleged

1

violation that occurred on September 20, 1999. In his objection, plaintiff asserts that the reasons for denying the grievance in 2002 were clearly unjustified. However, while the court has attempted to give plaintiff some leeway in proceeding on his very vague complaint, the court finds that plaintiff's complaint does not state a claim for violation of the bargaining agreement based on the union's actions that occurred in relationship to the 2002 decision.

Plaintiff's complaint consists of a one-page letter "to whom it may concern" that alleges that his rights under the collective bargaining agreement were violated. (Doc. 1). Attached to the complaint are documents relating to case number 4H-350-0005-07 involving a collective bargaining agreement in place from November 21, 2000, through November 21, 2006. (Docs. 1, 18). According to the documents, a settlement agreement was entered in the 4H-350-0005-07 case on November 7, 2006, and plaintiff had alleged that the United States Postal Service had breached the agreement. The EEOC determined that the Postal Service did not breach the agreement. (Doc. 1, Attachments to complaint). While cases H98T-4H-C00021516 and 4H-350-0005-07 both involve the number of work hours plaintiff receives, they appear to be distinct cases. Claims relating to the first case were not sufficiently raised in the instant complaint and would presumably be barred by the statute of limitations.[1] Moreover, the fact that plaintiff filed a grievance does not mean that plaintiff exhausted the grievance remedies under the collective

---

[1] The applicable statute of limitations for a suit against an employer and the employee's union for breach of duties owed the employee under a collective bargaining agreement is six months. Reed v. U.S. Postal Service, 288 Fed.Appx. 638, 641, 2008 WL 2944633, 2 (11th Cir. Aug. 1,2008) (citing DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983)); see also Howard v. Lockheed-Georgia Co., 742 F.2d 612 (11th Cir.1984) (holding that an employee's action accrued when the employee actually knew that the union denied his grievance).

bargaining agreement. Additionally, plaintiff's complaint fails to state a claim because it does not allege that the union breached its duty to fairly represent him.

## **CONCLUSION**

After due and proper consideration of all pleadings in this file, and a de novo determination of those portions of the Report and Recommendation to which objections were made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court.

It is **ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **GRANTED**.

**DONE and ORDERED** this 25th day of March, 2009.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE